**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4742

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

ISAAC ABDI HASHI,

            Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.   (3:08-cr-00095-CMC-1)

Submitted:  February 27, 2009        Decided:  March 16, 2009

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  W. Walter Wilkins, United States
Attorney,  Dean  A.  Eichelberger,  Assistant  United  States
Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isaac Abdi Hashi pled guilty to assault on a federal officer by means of a dangerous weapon, 18 U.S.C.A. § 111(a), (b) (West Supp. 2008), and was sentenced to a term of 210 months imprisonment. Hashi appeals his sentence, contending that the district court clearly erred in finding that his offense involved more than minimal planning. We affirm.

Hashi was in federal custody awaiting deportation when he spoke with Deportation Officer Norman Bradley about his case. Bradley then left Hashi's cell to talk with other detainees. Hashi mixed a solution of baby oil, hand lotion, and water in a cup and heated it in a microwave. He took this to where Bradley was talking to a detainee and threw the hot, oily mixture in Bradley's face. Bradley suffered burns to 80% of the cornea in his left eye, severe cornea abrasion, and second degree burns to his face. When Hashi was interviewed immediately after the attack, he calmly explained how he mixed the solution, heated it, and threw it on Bradley. In a subsequent interview, Hashi said he had planned the attack because he was angry at all immigration officers.

In sentencing Hashi, the district court found that the offense involved more than minimal planning because Hashi's conduct amounted to more than a simple form of assault. The court found that the attack was planned, rather than impulsive,

2

and that the combination of ingredients Hashi used made the burn more serious.

The sentencing court's factual determination that the offense involved more than minimal planning is reviewed for clear error. United States v. Pearce, 65 F.3d 22, 26 (4th Cir. 1995). Application Note 2 to USSG § 2A2.2 defines more than minimal planning as "more planning than is typical for commission of the offense in a simple form." The Note explains that waiting to assault the victim when no witnesses are present is an example of minimal planning, while luring the victim to a particular place for the purpose of attacking him or concealing the defendant's identity are examples of more than minimal planning.

Hashi argues that his offense was essentially spontaneous, that he used only materials that were supplied to him and made no effort to conceal his conduct, and that his case is thus distinguishable from other cases in which the defendant made more elaborate preparations for an assault. We note that undisputed information in the presentence report indicated that Hashi's decision to combine and heat several substances together created a substance more harmful than any of the ingredients would have been if used separately. The record does not establish with certainty that Hashi anticipated this result, but his conduct indicates something more than minimal planning.

3

Therefore, we cannot say that the district court clearly erred in deciding that Hashi's actions constituted more than minimal planning.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>